## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **PAUL KURPAN**, | ) | CASE NO. |
| | ) | |
| *Individually and on behalf of all others* | ) | JUDGE |
| *similarly situated,* | ) | |
| | ) | **PLAINTIFF'S CLASS AND** |
| Plaintiff, | ) | **COLLECTIVE ACTION** |
| | ) | **COMPLAINT** |
| *v.* | ) | |
| | ) | ***(Jury Demand Endorse Hereon)*** |
| **CNC PRECISION MACHINE, INC.,** | ) | |
| c/o Statutory Agent Violet Szoke | ) | |
| 8208 Clover Ln. | ) | |
| Garrettsville, Ohio 44231 | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Paul Kurpan, on behalf of himself and all others similarly situated, by and through counsel, for his Class and Collective Action Complaint against Defendant CNC Precision Machine, Inc. (hereinafter also referred to as "Defendant"), states and alleges the following:

### INTRODUCTION

1.      The Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. § 201, *et seq.*, is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The FLSA required Defendant to pay all non-exempt employees at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours each workweek. 29 U.S.C. § 207. Ohio statutory law further

required the payment of overtime compensation and/or contained other compensation requirements and/or penalties. *See* O.R.C. §§ 4111.03(A), 4113.15, 2307.60.

2.     Plaintiff brings this case to challenge the practices and policies of Defendant that willfully violate the FLSA, 29 U.S.C. §§ 201-219, as well as the statutory and common law of the State of Ohio.

3.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective").

4.     Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert factually-related claims under the laws of the State of Ohio (the "State Law Class").

5.     Plaintiff and other members of the FLSA Collective and State Law Class now seek to exercise their rights to unlawfully unpaid overtime wages and additional statutory liquidated damages in this matter, other penalties, in addition to prejudgment and post-judgment interest, costs and attorneys' fees incurred in prosecuting this action, the employer's share of relevant taxes, and such further relief as the Court deems equitable and just.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7.     This Court has supplemental jurisdiction over Plaintiff's claims under Ohio Law because those claims are so related to the FLSA claims as to form part of the same case or controversy. 28 U.S.C. § 1367.

8.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and division and/or because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

9.      Plaintiff Paul Kurpan is an individual, a citizen of the United States, and a resident of the State of Ohio. Plaintiff has completed an "Opt-In Consent Form" which is filed and attached as Exhibit A.

10.      According to records maintained by the Ohio Secretary of State, Defendant CNC Precision Machine, Inc.'s Statutory Agent for service of process is Violet Szoke, 8208 Clover Ln., Garrettsville, Ohio 44231.[1]

## FACTUAL ALLEGATIONS

### Defendant's Business and Defendant's Status as an Employer

11.      Defendant CNC Precision Machine, Inc. is a "fully integrated hydraulic fittings manufacturer"[2] providing for the aerospace, transportation and machinery industries.[3] Defendant provides services including CNC turning, CNC milling, hydraulic crimping, tube bending, tube coiling, surface grinding production, band-sawing, multi-spindle screw machining, and laser marking & etching on production runs.[4]

12.      Defendant operates out of 18360 Industrial Circle, Parkman, Ohio 44080.[5]

---

[1] *See* https://businesssearch.ohiosos.gov?=businessDetails/1315622 (last accessed Jan. 10, 2023).
[2] *See* http://cncprecisionmachineinc.com/process/ (last accessed Jan. 10, 2023).
[3] *See* http://cncprecisionmachineinc.com/ (last accessed Jan. 10, 2023).
[4] *See* http://cncprecisionmachineinc.com/process/ (last accessed Jan. 10, 2023).
[5] *See* http://cncprecisionmachineinc.com/contact/ (last accessed Jan. 10, 2023);
https://goo.gl/maps/PK87FA9rfBkp2UiJA (last accessed Jan. 10, 2023);

13.     Defendant is an "employer" of Plaintiff and other members of the FLSA Collective and State Law Class within the meaning of the FLSA, 29 U.S.C. § 203(d) and Ohio Law, O.R.C. §§ 4111.03(D)(3) and 4113.15.

14.     Defendant utilizes non-exempt employees, including Plaintiff and other members of the FLSA Collective and State Law Class, in furtherance of its business purposes.

15.     At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

16.     At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

17.     Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

18.     At all times relevant, Defendant was an employer of Plaintiff and other members of the FLSA Collective and State Law Class as Defendant exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or was required to maintain records, including employment records.

### Plaintiff's, the FLSA Collective's, and State Law Class's Non-Exempt Employment Statuses with Defendant

19.     Plaintiff Paul Kurpan was employed by Defendant from approximately November 2020 to October 2022 as an hourly machine operator. Throughout his employment, Defendant classified and paid Plaintiff, as well as other members of the FLSA Collective and State Law Class, as a non-exempt employee.

20.     At all times relevant, Plaintiff and other members of the FLSA Collective and State Law Class were employees within the meaning of 29 U.S.C. § 203(e) and Ohio Law, O.R.C. §§ 4111.03(D)(3) and 4113.15.

21.      At all times relevant, Plaintiff and other members of the FLSA Collective and State Law Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

## Defendant's Unlawful Failure to Pay Overtime Compensation

22.     The FLSA and Ohio Law required Defendant to pay overtime compensation to its employees at the rate of one and one-half times their regular rate of pay for the hours they worked in excess of forty (40), as well as provided other pay requirements as applicable. 29 U.S.C. § 207; O.R.C. §§ 4111.03(A), 4113.15. *See* O.R.C. § 2307.60.

23.     Plaintiff and other members of the FLSA Collective and the State Law Class regularly worked more than forty (40) hours in a single workweek.

24.     Although Defendant suffered and permitted Plaintiff and other members of the FLSA Collective and the State Law Class to work more than forty (40) hours per workweek, Defendant failed to pay Plaintiff and other members of the FLSA Collective and the State Law Class overtime at a rate of one and one half times the regular rate of pay for all hours worked over forty (40) in a workweek. As a result, Plaintiff and other members of the FLSA Collective and the State Law Class were willfully not properly paid overtime compensation for their overtime hours worked as required by the FLSA, 29 U.S.C. § 207, and Ohio Law, O.R.C. §§ 4111.03(A), 4113.15. *See* O.R.C. § 2307.60.

25.     Instead of compensating Plaintiff Paul Kurpan and other members of the FLSA Collective and the State Law Class at one and one-half times their regular hourly rates for hours

more than forty (40) hours per workweek, Defendant paid Plaintiff and other members of the FLSA Collective and the State Law Class less than one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek.

26.     Defendant shortchanged its non-exempt employees and failed to pay overtime compensation through unlawful practices that do not pay all overtime hours worked at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek.

27.     Defendant consistently failed to pay Plaintiff and other members of the FLSA Collective and the State Law Class for all hours, including overtime hours, worked, at the statutory overtime rate required. 29 U.S.C. § 207; O.R.C. § 4111.03(A); *see* O.R.C. §§ 4113.15, 2307.60.

### *Defendant's Failure to Pay All Hours, Including Overtime Hours, Worked as a Result of Defendant's Unlawful "Break" Time Deduction Practices and/or Policies*

28.     Defendant regularly deducts from employee hours worked for a purported "break," usually in the amount of ten (10) minutes. This systematic "break" deduction policy and practice violates the FLSA and Ohio Law in several ways.

29.     First, and most consequentially, pursuant to the FLSA and Ohio Law, when Plaintiff and other members of the FLSA Collective and the State Law Class took "breaks" of 19 minutes or less in duration the FLSA and Ohio Law required them to be paid for this time. As provided for by 29 C.F.R. § 785.18 (emphasis added):

> Rest periods of short duration, running from **5 minutes to about 20 minutes**, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. **They must be counted as hours worked.** Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time. (Emphasis added) (additional citation omitted).

30.     Second, Defendant's "break" deduction practices and/or policies, which result in the docking of compensable hours and pay, are a *per se* violation of the anti-time docking regulations of the FLSA. 29 C.F.R. § 785.1. Defendant's "break" deduction practices and/or policies caused Defendant to violate the FLSA and the Department of Labor's regulations by docking compensable hours worked and pay, and thereby failed to pay for all hours, including overtime and non-overtime hours, suffered or permitted to work.

31.     Third, Defendant deducted the "breaks" from hourly employees' time worked despite the fact that Plaintiff and other members of the FLSA Collective and State Law Class regularly did not receive and/or take bona fide meal periods during these usually ten (10) minute deducted "break" times. As provided for by the FLSA, 29 C.F.R. § 785.19:

> Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. The employee must be completely relieved from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period…. (Additional citations omitted).

32.     Plaintiff and other members of the FLSA Collective and State Law Class were denied significant amounts of wages and compensation because of Defendant's failure to pay Plaintiff and other members of the FLSA Collective and State Law Class for the unlawfully added "breaks." Because Plaintiff and other members of the FLSA Collective and State Law Class did not have a bona fide meal period under the wage and hour laws and attendant regulations during these deducted times, *see* 29 C.F.R. § 785.19, Defendant was not permitted to make the deductions regardless of the amount of time deducted.

33.     In summary, Defendant deducted from Plaintiff's and the other members of the FLSA Collective's and the State Law Class's time records to reflect that they took a "break," usually in the amount of ten (10) minutes. Defendant's systematic "break" deduction practices and/or policies resulted in a failure to compensate Plaintiff and other members of the FLSA

7

Collective and the State Law Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207, and corresponding Ohio Law.

### Defendant's Failure to Pay All Hours, Including Overtime Hours, Worked as a Result of Defendant's Time Editing and/or Rounding Practices and/or Policies

34.     In addition to Defendant's *per se* unlawful "break" time deduction practices and/or policies outlined above, Defendant consistently failed to pay Plaintiff and other members of the FLSA Collective and the State Law Class for all hours, including overtime and non-overtime hours, worked as a result of Defendant's time editing and/or rounding practices and/or policies.

35.     More specifically, Defendant has a time rounding and/or editing policy, and time manipulation practices in conformity with this policy, that led to less time paid than time worked for Plaintiff and other members of the FLSA Collective and the State Law Class at the beginning and the end of Plaintiff's and the other members of the FLSA Collective's and the State Law Class's workdays.

36.     Before their shift starting times, Plaintiff and other members of the FLSA Collective and the State Law Class regularly begin work and performing the principal activities of their jobs, but Defendant did not pay them for all of their time worked.

37.     Although Defendant suffered and permitted Plaintiff and other members of the FLSA Collective and the State Law Class to work more than forty (40) hours per workweek, Defendant consistently failed to pay Plaintiff and other members of the FLSA Collective and the State Law Class overtime at a rate of one and one half times the regular rate of pay for all hours worked over forty (40) in a workweek. *See* 29 C.F.R. § 785.11. Though Plaintiff and other members of the FLSA Collective and the State Law Class regularly complete tasks that are

required by Defendant, are performed for Defendant's benefit, and constitute part of their principal activities and/or are integral and indispensable to their principal activities before their shift starting times (and after shift ending times), these workers are not paid for the time spent performing these tasks because Defendant unilaterally deducted this time worked, regardless of whether the work was completed. As a result, Plaintiff and other members of the FLSA Collective and the State Law Class were not properly paid for many of their hours worked as required by the FLSA, 29 U.S.C. §§ 201, *et seq.*, and Ohio Law.

38.     This time docking also occurs at the end of the workday. Plaintiff and other members of the FLSA Collective and the State Law Class regularly work after the end of their shift times, but are only paid up until their shift ending times. These employees are not paid for this time as Defendant instead paid them based on the post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include post-shift compensable work required by, performed for and to the benefit of Defendant.

39.     Plaintiff Paul Kurpan was routinely affected by these unlawful time rounding and/or editing practices and/or policies. For example, while Plaintiff Kurpan started working and performing physical labor to Defendant's benefit and performing the general duties of his job approximately fifteen (15) to ten (10) minutes prior to his usual 8:00 a.m. shift on a daily basis, Defendant did not pay Plaintiff, and other members of the FLSA Collective and the State Law Class, until his 8:00 a.m. shift starting time. In addition, although his work duties regularly required Plaintiff Paul Kurpan to work past his shift ending time of 4:30 p.m., regularly in the amount of fifteen (15) to ten (10) or more minutes, Defendant would only pay Plaintiff until his shift ending time of 4:30 p.m., regardless of the fact that he, and other members of the FLSA

Collective and the State Law Class, regularly worked well after his shift ending time on a daily basis.

40.     The requirement of Plaintiff and other members of the FLSA Collective and the State Law Class to work before and after their shifts was unavoidable due to production/productivity quotas and the work was done in order to complete their jobs.

41.     Defendant's pay practices were the result of systematic and company-wide policies originating at the corporate level.

42.     Plaintiff and the other members of the FLSA Collective and the State Law Class frequently worked approximately twenty (20) to thirty (30) or more minutes during the pre- and post-shift time periods for which they were not paid on a daily basis.

43.     Defendant shortchanged Plaintiff and the other members of the FLSA Collective and the State Law Class and avoided paying overtime compensation through Defendant's unlawful time rounding and/or editing practices and/or policies. Defendant intentionally, knowingly, and willfully deducted time worked to reduce labor costs notwithstanding that Defendant's editing and/or rounding time manipulation policies violate Department of Labor regulations which require both that employees' time be rounded "to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour" and that the method "will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 C.F.R. § 785.48(b).

44.     As a result, Plaintiff and other members of the FLSA Collective and the State Law Class were not paid for all hours worked, including overtime and non-overtime hours worked. As a result of the time editing and/or rounding employed by Defendant, Defendant's rounding practices resulted in a system that virtually always rounds against Plaintiff and the

other members of the FLSA Collective and the State Law Class and the rounding is nearly always in Defendant's favor. The rounding policies also caused Defendants to violate the FLSA, Ohio Law, and the Department of Labor regulations by docking compensable hours and pay, and thereby failing to pay for all hours suffered or permitted to work.

45.     Although the additional pre- and post-shift work was compensable under the FLSA and Ohio Law, as the work was required by Defendant and the nature of the work performed, the work was performed for Defendant's benefit and constituted part of employees' principal activities, and/or was a necessary and indispensable part of their principal activities, it was not fully paid on a straight time regular rate basis (during non-overtime weeks), nor was overtime for it paid at the rate of one and one-half times the regular rate for the hours worked in excess of forty (during overtime weeks), as required by the FLSA.

46.     Defendants' unlawful time editing and/or rounding policies as highlighted above denied Plaintiff and the other members of the FLSA Collective and the State Law Class compensable overtime hours and compensation they were entitled to be paid. Had Defendants implemented rounding policies in compliance with the FLSA and Department of Labor regulations, Plaintiff and the other members of the FLSA Collective and the State Law Class would have been compensated for additional overtime hours for which they were not paid.

47.     Defendant's failure to ensure proper recordation of time and to pay overtime, as well as its policies with respect to time editing and time rounding resulted from knowing or reckless executive decisions. Defendant, through its supervisors and managers, knew that Plaintiff and the other members of the FLSA Collective and the State Law Class were working the additional time for which they were not paid, as a result of Defendant's time-keeping and recording rounding and editing, and thus Defendant's actions were deliberate and willful within

the meaning of the FLSA and Defendant lacked a good faith basis for its actions. Defendant knew about the overtime compensation requirements of the FLSA and Ohio Law or acted in reckless disregard as to Defendant's obligations under the FLSA and Ohio Law.

48. In summary, through Defendant's unlawful time editing and/or rounding practices and/or policies, Defendant systematically, and intentionally and willfully, unlawfully edited and/or rounded away compensable time worked, which resulted in a failure to compensate Plaintiff and other members of the FLSA Collective and the State Law Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay. Defendant's intentional deduction of overtime hours worked constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207, and corresponding Ohio Law.

## Defendant's Unjust Enrichment

49. In addition, Defendant was unjustly enriched by the retention of promised hourly wages that were earned and that rightfully belong to Plaintiff and other members of the FLSA Collective and State Law Class. Defendant was unjustly enriched in that it induced Plaintiff and other members of the FLSA Collective and State Law Class to perform work for the benefit of Defendant and retained the benefit of this work without having paid for the same.

50. For example, while Defendant represented to Plaintiff and other members of the FLSA Collective and State Law Class that they would be paid at their hourly rates for all time spent working for Defendant, Defendant failed to pay for all time worked including but not limited to failed to pay for all time worked at the beginning of the workday, failed to pay for all time worked at the end of the workday, failed to pay for all work performed for Defendant as a result of Defendant's time deletion, editing, and/or modification practices and/or policies, and

failed to include unlawfully deducted "breaks" when paying overtime and non-overtime compensation.

51.     At the end of the workday and/or workweek and after the work was performed, while operating under the understanding that they would be paid their hourly rates for all hours worked, Defendant arbitrarily and without prior notice failed to pay all hours worked, including all non-overtime hours at the promised regular rate, and all overtime hours worked at the required overtime rate. Plaintiff and other members of the FLSA Collective and State Law Class were ultimately not paid for all time worked at the applicable hourly rate as a result of Defendant's unlawful practices and/or policies.

52.     Although Plaintiff and other members of the FLSA Collective and State Law Class satisfied the requirements of getting paid for all time worked – by virtue of working hours that Defendant was required to pay at the agreed, promised hourly rate – Plaintiff and other members of the FLSA Collective and State Law Class were not paid for all hours worked in full as they were entitled.

53.     Defendant was unjustly enriched from Plaintiff and other members of the FLSA Collective and State Law Class by failing and/or refusing to pay earned wages in both overtime and non-overtime weeks.

54.     Plaintiff and other members of the FLSA Collective and State Law Class reasonably expected to be paid for all hourly work completed at the hourly rates they agreed to be paid.

55.     However, while Defendant knew that Plaintiff and other members of the FLSA Collective and State Law Class worked for all the hours that improperly remain unpaid, Defendant nevertheless failed to pay for all hours worked as a result of Defendant's off the

clock, time manipulation, and break deduction practices and/or policies, resulting in less time paid than time actually worked.

56.     Defendant employs a longstanding policy or practice of failing and/or refusing to pay all earned hourly wages to employees. Defendant improperly and unlawfully retained hours worked and hourly wages rightfully earned and owed to Plaintiff and other members of the FLSA Collective and State Law Class.

57.     Allowing Defendant to retain the benefits provided by Plaintiff and other members of the FLSA Collective and State Law Class – free, unpaid labor – under the circumstances presented as outlined above, is demonstrably unjust.

58.     As a direct and proximate result of Defendant's unjust enrichment described herein, Plaintiff and other members of the FLSA Collective and State Law Class have been damaged in an amount to be determined at trial, including but not limited to all time worked by Plaintiff and other members of the FLSA Collective and State Law Class but not paid by Defendant.

**Defendant's Record Keeping Violations**

59.     The FLSA and Ohio Law required Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a.

60.     For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours,

14

total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2.

61.     Ohio Law also provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34.

62.     Defendant failed to keep accurate records of hours worked. Thus, Defendant did not record or pay all hours worked in violation of the FLSA and Ohio Law.

<u>**The Willfulness of Defendant's Violations**</u>

63.     Defendant knew that Plaintiff and other members of the FLSA Collective and State Law Class were entitled to overtime compensation under federal and state law or acted in reckless disregard for whether they were so entitled.

64.     By denying Plaintiff and other members of the FLSA Collective and State Law Class overtime compensation as required by the FLSA and Ohio Law, Defendant's acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under federal and Ohio Law, as recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of the FLSA and Ohio Law, or acted in reckless disregard as to Defendant's obligations under these laws.

65.     Moreover, Defendant's obligations under these laws were clearly known by Defendant. For example, O.R.C. § 4111.09 provides that "[e]very employer subject to sections

4111.01 to 4111.17 of the Revised Code, or to any rules issued thereunder, shall keep a summary of the sections, approved by the director of commerce, and copies of any applicable rules issued thereunder, or a summary of the rules, posted in a conspicuous and accessible place in or about the premises wherein any person subject thereto is employed." As approved by the director of commerce, this conspicuously-placed posting includes the language: "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours in excess of 40 hours in one work week..." Defendant therefore knew about the overtime requirements of the FLSA and Ohio Law, or acted in reckless disregard for whether Plaintiff and other members of the FLSA Collective and State Law Class were entitled to overtime compensation.

66.     Plaintiff and other members of the FLSA Collective and State Law Class are therefore entitled to liquidated damages equal to the amount of all unpaid overtime compensation, pursuant to 29 U.S.C. § 260.

67.     Defendant intentionally, knowingly, and willfully circumvented the requirements of the FLSA and Ohio Law.

68.     The above payroll practices resulted in knowing and willful overtime violations of the FLSA, 29 U.S.C. §§ 201-219; O.R.C. §§ 4111.03, 4113.15, 2307.60; and resulted in the unlawful deprivation of wages of Defendant to the detriment of Defendant's employees, including Plaintiff and other members of the FLSA Collective and State Law Class.

## COLLECTIVE ACTION ALLEGATIONS

69.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

70.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §

216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may

be maintained against any employer … by any one or more employees for and in behalf of

himself or themselves and other employees similarly situated."

71.     Plaintiff brings this case on behalf of an FLSA collective group of employees of

Defendant (referred to herein as the "FLSA Collective").

72.     The potential "opt-ins" who are "similarly situated" to Plaintiff with respect to

Defendant's FLSA violations as to the FLSA Collective consist of:

> **All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant during the period of three years preceding the commencement of this action to the present who worked overtime hours during one or more workweeks and who were not paid overtime compensation at one and one-half times the employees' regular rate of pay for all hours worked in excess of forty (40) hours per workweek.**

73.     Such persons are "similarly situated" with respect to Defendant's FLSA violations

in that all were non-exempt employees of Defendant, all were subjected to and injured by

Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in

excess of forty (40) per workweek, and all have the same claims against Defendant for unpaid

overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

74.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. §

216(b) is proper and necessary so that such persons may be sent a Court-authorized notice

informing them of the pendency of this action and giving them the opportunity to "opt in."

75.     Plaintiff cannot yet state the exact number of similarly-situated persons but avers,

upon information and belief, that the FLSA Collective consists of approximately one hundred or

more persons. Such persons are readily identifiable through the payroll records Defendant has

maintained, and was required to maintain, pursuant to the FLSA.

## CLASS ACTION ALLEGATIONS

76.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten

herein.

77.     Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on

behalf of himself and other members of a class of persons who assert claims under the laws of

the State of Ohio (the "State Law Class"), defined as:

**All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant during the period of two years preceding the commencement of this action to the present who worked overtime hours during one or more workweeks and who were not paid overtime compensation at one and one-half times the employees' regular rate of pay for all hours worked in excess of forty (40) hours per workweek.**

78.     The State Law Class is so numerous that joinder of all class members is

impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon

information and belief, that they consist of approximately one hundred or more persons. The

number of class members, as well as their identities, are ascertainable from the payroll and

personnel records Defendant has maintained, and was required to maintain, pursuant to the

FLSA and Ohio Law. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; and Ohio

Law.

79.     There are questions of law or fact common to the State Law Class, including but

not limited to:

Whether Defendant's conduct as described above violates Ohio Law governing payment of overtime and non-overtime compensation;

18

Whether Defendant denied Plaintiff and other members of the State Law Class earned and owed compensation where, among other things, these employees were not paid wages for their overtime hours worked at the overtime rates required and agreed to be paid, as well as wages for their non-overtime hours worked at the regular rates required and agreed to be paid;

Whether Defendant failed to pay Plaintiff and other members of the State Law Class wages on a semimonthly or shorter basis as required by O.R.C. § 4113.15;

Whether Defendant's denial of Plaintiff and other members of the State Law Class earned and owed compensation was a willful violation of federal and/or state law, entitling Plaintiff and other members of the State Law Class to exemplary, punitive, and/or other damages pursuant to O.R.C. § 2307.60;

What amount of monetary relief will compensate Plaintiff and other members of the State Law Class for Defendant's failure to pay all compensation, including overtime and non-overtime compensation, owed when the wages were required to be paid.

80.     Plaintiff's claims are typical of the claims of other members of the State Law Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

81.     Plaintiff will fairly and adequately protect the interests of the State Law Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the State Law Class in this case.

82.     The questions of law or fact that are common to the State Law Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

83.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually

19

would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### COUNT ONE
**(FLSA Overtime Violations)**

84.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

85.     Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and members of the FLSA Collective who may join this case pursuant to 29 U.S.C. § 216(b).

86.     The FLSA requires that non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

87.     Plaintiff and other members of the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

88.     Defendant did not pay overtime compensation to Plaintiff and other members of the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours suffered or permitted to work by Defendant.

89.     Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Plaintiff and other members of the FLSA Collective overtime compensation. Defendant's deliberate failure to pay overtime compensation to Plaintiff

and other members of the FLSA Collective was neither reasonable, nor was the decision not to

pay overtime made in good faith. By engaging in these practices, Defendant willfully violated

the FLSA and regulations thereunder that have the force of law.

90.     As a result of Defendant's violations of the FLSA, Plaintiff and other members of

the FLSA Collective were injured in that they did not receive wages due to them pursuant to the

FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and other members of the FLSA Collective to an

award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated

damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any

judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the

defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

91.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten

herein.

92.     Plaintiff brings this claim for violation of Ohio Law, O.R.C. § 4111.03, on behalf

of himself and other members of the FLSA Collective and State Law Class.

93.     At all times relevant, Defendant was an entity covered by O.R.C. § 4111.03, and

Plaintiff and other members of the FLSA Collective and State Law Class are employees, and/or

have been employed by, Defendant within the meaning of O.R.C. § 4111.03.

94.     Defendant's failure to compensate overtime hours worked "at a wage rate of one

and one-half times the employee's wage rate for hours worked in excess of forty hours in one

workweek" violated the Ohio overtime compensation requirements set forth in O.R.C. §

4111.03.

95.     By its acts and omissions described in this Complaint, Defendant has violated O.R.C. § 4111.03, and Plaintiff and other members of the FLSA Collective and State Law Class have been injured as a result.

96.     Defendant's violations of Ohio Law, O.R.C. § 4111.03(A) (providing that "an employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the 'Fair Labor Standards Act of 1938'"), injured Plaintiff and other members of the FLSA Collective in that they did not receive wages due to them pursuant to Ohio Law and the FLSA.

97.     As a result of Defendant's willful violations of the FLSA and of O.R.C. § 4111.03, Plaintiff and other members of the FLSA Collective and State Law Class have been damaged in that they have not received wages due to them pursuant to Ohio Law.

## COUNT THREE
### (Ohio Semimonthly Wage Payment Violations)

98.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

99.     Plaintiff brings this claim for violation of Ohio Law, O.R.C. § 4113.15, on behalf of himself and other members of the FLSA Collective and State Law Class.

100.     O.R.C. § 4113.15(A) required Defendant to pay "on or before the first day of each month … employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month." Defendant's failure to timely pay Plaintiff and other members of the FLSA Collective all wages,

including overtime wages, violated Ohio's semimonthly payment of wage requirements, O.R.C. § 4113.15(A).

101.    Plaintiff's and other members of the FLSA Collective's and the State Law Class's unpaid wages have remained unpaid for more than 30 days beyond their regularly scheduled payday in violation of O.R.C. § 4113.15(A). By its acts and omissions described in this Complaint, Defendant has violated Ohio's semimonthly payment of wage requirements, O.R.C. § 4113.15, and Plaintiff and other members of the FLSA Collective and State Law Class have been injured as a result.

102.    Defendant's violations of Ohio's semimonthly payment of wage requirements, O.R.C. § 4113.15, injured Plaintiff and other members of the FLSA Collective in that they did not receive wages due to them in a timely fashion as required by Ohio Law.

103.    Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Plaintiff and other members of the FLSA Collective all wages owed in a timely fashion as required by Ohio Law. Defendant's deliberate failure to timely pay all compensation owed to Plaintiff and other members of the FLSA Collective was neither reasonable, nor was the decision not to pay in accordance with O.R.C. § 4113.15 made in good faith. By engaging in these practices, Defendant willfully violated federal and state law and regulations thereunder that have the force of law.

104.    As a result of Defendant's violation of Ohio Law, Plaintiff and other members of the FLSA Collective and State Law Class are entitled to unpaid wages and liquidated damages pursuant to O.R.C. § 4113.15.

## COUNT FOUR
### (Civil Action for Damages for Criminal Acts)

23

105.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

106.     Plaintiff brings this claim pursuant to Ohio's statue providing for Civil Violations for Criminal Acts, O.R.C. § 2307.60, on behalf of himself and other members of the FLSA Collective and State Law Class.

107.     At all times relevant, Defendant was an entity covered by the FLSA, 29 U.S.C. § 201, *et seq.,* and Ohio Law, and Plaintiff and other members of the FLSA Collective and State Law Class have been employed by Defendant within the meaning of the FLSA and Ohio Law.

108.     Defendant's failure to compensate overtime hours worked "at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek" was a willful violation of the FLSA, 29 U.S.C. § 201, *et seq.*

109.     Defendant's failure to timely pay Plaintiff and other members of the FLSA Collective and State Law Class all wages, including overtime wages, violated Ohio's Prompt Pay Act, O.R.C. § 4113.15(A), was a willful violation of the FLSA, 29 U.S.C. § 201, *et seq.,* and was a willful violation of the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

110.     By its acts and omissions described in this Complaint, Defendant has willfully[6] violated the FLSA, and Plaintiff and the State Law Class have been injured as a result. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.[7]

---

[6] 29 U.S.C. § 216(a) provides that "[a]ny person who willfully violates any of the provisions of section 215 of this title shall upon conviction thereof be subject to a fine of not more than $10,000, or to imprisonment for not more than six months, or both."

[7] *Buddenberg v. Weisdack*, 2020-Ohio-3832 (Ohio Supreme Court, 2020) (holding that claim under O.R.C. § 2307.60 requires a *criminal act*, not a criminal conviction); *see, e.g., Waters v.*

111. In addition, by its willful acts and omissions described in this Complaint, Defendant has violated the FLSA, 29 U.S.C. § 201, *et seq.,* the Ohio overtime compensation statute, O.R.C. § 4111.03, Ohio's Prompt Pay Act, O.R.C. § 4113.15, and Plaintiff and the State Law Class have been injured as a result. O.R.C. § 4111.99(A) provides that "[w]hoever violates division (A) or (D) of section 4111.13 of the Revised Code is guilty of a misdemeanor of the fourth degree." O.R.C. § 4111.13(D) further provides that "[n]o employer shall otherwise violate sections 4111.01 to 4111.17 of the Revised Code, or any rule adopted thereunder. Each day of violation constitutes a separate offense." O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.[8]

112. Defendant's willful violations of Federal and Ohio Law injured Plaintiff and other members of the FLSA Collective and State Law Class in that they did not receive wages due to them pursuant to these statutory and/or other laws and regulations.

113. As a result of Defendant's willful violations of the FLSA and Ohio Law, Plaintiff and other members of the FLSA Collective and State Law Class are entitled to compensatory, exemplary and punitive damages pursuant to O.R.C. § 2307.60.

### COUNT FIVE
### (Unjust Enrichment)

114. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

115. As hereinabove alleged, the terms of compensation established by Defendant promised employees they would be paid wages for the hours they worked at the promised hourly

---

*Pizza,* S.D.Ohio No. 3:19-cv-372, 2021 U.S. Dist. LEXIS 11743, at \*14 (Jan. 22, 2021) (certifying O.R.C. § 2307.60 Fed. R. Civ. P. 23 class action).
[8] *Id.*

rate, and all of the work Plaintiff and other members of the FLSA Collective and State Law Class performed during their employments was performed under, and in return for, those terms of compensation. However, Plaintiff and other members of the FLSA Collective and State Law Class were not paid the hourly rates they agreed to be paid for all work completed but were instead paid less than agreed as a result of Defendant's "break" time deductions and time manipulation, and unlawful rounding and/or editing, practices and/or policies.

116.     Plaintiff and other members of the FLSA Collective and State Law Class have fully performed work that ultimately benefitted Defendant but were not paid for this work performed.

117.     Defendant has been unjustly enriched at the expense of Plaintiff and other members of the FLSA Collective and State Law Class.

118.     Defendant has retained the benefit of Plaintiff's and other members of the FLSA Collective's services without compensating them as promised, under circumstances in which it would be unjust and unconscionable to permit Defendant to do so.

119.     Allowing Defendant to retain the benefits provided by Plaintiff and other members of the FLSA Collective and State Law Class – free, unpaid labor – under the circumstances presented as outlined above, is demonstrably unjust.

120.     As a direct and proximate result of Defendant's unjust enrichment described herein, Plaintiff and other members of the FLSA Collective and State Law Class have been damaged in an amount to be determined at trial, including but not limited to all time worked by Plaintiff and other members of the FLSA Collective and State Law Class but not paid by Defendant at the correct hourly rates.

121.    Plaintiff and other members of the FLSA Collective and the State Law Class are entitled to their regular hourly rate of pay for all non-overtime hours worked each workweek during the relevant time period not timely paid, as well as one and one half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours per workweek during the relevant time period not timely paid, as well as liquidated damages, exemplary and/or punitive damages, and penalties pursuant to Ohio Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all other members of the FLSA Collective and State Law Class, respectfully prays that this Honorable Court:

A.    Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) as to the FLSA Collective and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.    Certify this case as a class action pursuant to Fed. Civ. P. 23 on behalf of Plaintiff and other members of the State Law Class;

C.    Enter judgment against Defendant, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the State Law Class;

D.    Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the State Law Class in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount, in addition to penalty damages;

E.    Award Plaintiff and other members of the FLSA Collective and State Law Class all damages allowed by Ohio Law, including but not limited to O.R.C. § 4113.15, which entitles Plaintiff and other members of the FLSA Collective and State Law Class to in an amount equal to six per cent of the amount of the unpaid wages still unpaid or two hundred dollars per FLSA Collective and State Law Class member, whichever is greater;

F.    Award compensatory, exemplary and punitive damages under O.R.C. § 2307.60;

G.    Award monetary relief and restitution to Plaintiff and other members of the FLSA Collective and State Law Class in an amount sufficient to divest Defendant of the amounts gained by its unjust enrichment;

H.    Designation of Plaintiff as representative of the Rule 23 State Law Class, and counsel of record as Class Counsel for the Class;

I.    Enter permanent injunctive relief to compel Defendant to ensure that it captures all hours worked by Plaintiff and other members of the FLSA Collective and State Law Class and pays the overtime and non-overtime wages due to these individuals;

J.    Award Plaintiff and other members of the FLSA Collective and State Law Class prejudgment interest, post-judgment interest,  costs, and attorneys' fees incurred in prosecuting this action, expert fees, as well as statutory and/or punitive damages and an award of damages representing Defendant's employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

K.    Enter such other and further relief as this Court deems equitable, just, and proper.

Respectfully Submitted,


*s/ Ryan A. Winters*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221    F: (440) 846-1625
50 Public Square, Suite 1900
Cleveland, OH 44113
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com

Kevin M. McDermott II (0090455)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221    F: (440) 846-1625
11925 Pearl Rd., Suite 310
Strongsville, Ohio 44136
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiffs and*
*Putative Class Counsel*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Ryan A. Winters*
Ryan A. Winters (0086917)