UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL KURPAN, | ) | CASE NO: 5:23-cv-00070 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| CNC PRECISION MACHINE, INC. | ) | |
| | ) | **(Resolves Doc. 30)** |
| Defendant. | ) | |

Pending before the Court is Defendant CNC Precision Machine, Inc.'s ("CNC" or Defendant) motion for summary judgment. Doc. 30. Upon review, the Court DENIES Defendant's motion for summary judgment.

**I.    FACTS**

Defendant is a "hydraulic fittings manufacturer." Doc. 14, p. 2-3. Defendant provides services including computer numerical control turning, computer numerical control milling, and multi-spindle screw machining. *Id*. Plaintiff commenced his employment with Defendant on approximately November 2, 2020, as a Machine Operator, and ended his employment on September 15, 2022. Doc. 30, p. 2, 4. Plaintiff's daily clock-in procedure required him to enter his employee ID number into a computer. *Id*. Defendant utilized a bell system to ring at shift start and shift end, as well as 10 minutes prior to shift end to notify employees to begin cleaning up their stations. Doc. 30, p. 3. Clean-up duties included mopping the floor, turning off the machine, refilling machine fluids, and counting parts. *Id*. Shift times are 8 a.m. to 4:30 p.m. *Id*.

1

In his deposition, Plaintiff provided specifics of his tasks and work expectations, including testimony that he was expected to come in early and stay late in order to complete his tasks. Doc. 34, p.3-4. Defendant provided the deposition of Al Miller, Plaintiff's supervisor, which provides conflicting testimony that there was no compensable work completed prior to 8 a.m. Doc. 37, p. 2-3. Defendant has also provided timesheets which detail the Plaintiff's exact clock-in and clock-out times for the duration of his employment. Doc. 14, p. 5. Doc. 30, p. 4. Alongside the timesheets, Defendant asserts that it has a lawful rounding policy that "rounds time to shift start and stop, unless an employee has worked overtime." Doc. 30, p. 4. However, as noted below, Defendant fails to provide evidence of said policy other than its own CFO's conclusory statement. Defendant also highlights the existence of a policy that requires employees to seek permission to work overtime, however, Defendant does not provide any such policy for the process to report uncompensated time. *Id*. p.8.

## II.  LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure governs summary judgment motions and provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law * * *.

In reviewing summary judgment motions, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *White v. Turfway Park Racing Ass'n, Inc.,* 909 F.2d 941, 943–944 (6th Cir. 1990).

A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate whenever the

non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–1480 (6th Cir. 1989) (citing *Frito–Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)).

The burden of production for the movant is to identify which portions of the evidence "demonstrate the absence of a genuine issue of material fact" in regard to an essential element or, alternatively, to demonstrate a showing that there is "literally no evidence in the record" in support of an essential element of the other party's initial claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 332 (1986). The non-moving party is under an affirmative duty to point out specific facts in the record as it has been established which create a genuine issue of material fact. *Fulson v. City of Columbus*, 801 F. Supp. 1, 4 (S.D. Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id*.

### III.  LAW AND ANALYSIS

#### A.  Plaintiff's Fair Labor Standards Act Violation Claim

Plaintiff asserts that Defendant violated the Fair Labor Standards Act (FLSA), 29 U.S.C. §207, by not compensating him for all overtime hours worked from November 2020 to October 2022.

Defendant moves for summary judgment asserting three arguments: 1) that Plaintiff's conclusory allegations regarding his daily schedule does not establish a genuine issue of material

fact to survive summary judgment, 2) to the extent Plaintiff did perform compensable off-the-clock work, such time was de minimis; and 3) Plaintiff failed to comply with Defendant's polices related to reporting overtime and its rounding policy is permissible and did not result in unpaid overtime wages. Doc. 30, p. 10. The Court will address Defendant's arguments in turn.

FLSA requires employers to pay overtime to employees who work more than 40 hours per week. 29 U.S.C. § 207(a)(1). Pursuant to FLSA, an employer must pay an employee overtime compensation at the rate of "not less than one and a half times the regular rate" for every hour over 40 hours. *Id*. Plaintiff bears the burden to prove that he has performed overtime work for which he was not compensated. *Viet v. Le*, 951 F.3d 818 at 822 (6th Cir. 2020), quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

### B.     Plaintiff's Evidence Regarding His Schedule

Defendant first contends that Plaintiff's conclusory statements regarding overtime do not meet his burden to establish liability under FLSA. Doc. 30, p. 7. *Id*. at p. 9. The Court notes that Defendant, as the movant, has the initial burden to point this Court to portions of the record demonstrating an absence of a genuine issue of material fact. Civ. R. 56. Generally, Defendant points to Plaintiff's deposition testimony and its own time records in an attempt to satisfy its burden, claiming that this testimony is "conclusory" and therefore not proper. Defendant relies on Miller's deposition, who testified that there was no compensable work completed prior to 8 a.m. Doc. 37, p. 2-3. Upon review, what Defendant refers to as "conclusory" is actually admissible evidence that *contradicts* its own view of the case. In opposition, Plaintiff asserts that his deposition testimony detailing specific tasks during overtime hours as well as Defendant's own

timekeeping records are not conclusory, and establish a genuine issue of material fact, thus precluding summary judgment at this stage. Doc. 34, p. 20.

This case is directly governed by the Sixth Circuit Court of Appeals in *Viet*. *Viet v. Le*, 951 F.3d 818. The issue in *Viet* was whether the evidence Plaintiff presented in his motion for summary judgment would permit a reasonable jury to conclude that he worked more than 40 hours per week. *Id.* at 822. According to the Court, a plaintiff cannot survive a motion for summary judgment by simply putting forth a "conclusory statement" about overtime work because it alone does not allow a rational jury to conclude that he worked overtime. *Id*. at 825. "Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that would defeat summary judgment." *Id*., citing *Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009). The Court explained:

> When applying these general Rule 56 standards in this FLSA context, courts have considered the level of evidence that employees must present to create a jury question over whether they worked overtime. Generally speaking, if an employee describes a specific work schedule exceeding 40 hours, courts have found the testimony sufficient. If, by contrast, the employee testifies generically that the employee worked overtime without providing details to support this claim, courts have found that the testimony falls short.

*Viet*, 951 F.3d at 823.

Defendant asserts that Plaintiff "cannot provide any witness or other evidentiary support of the claim other than his own uncorroborated testimony." Doc. 30, p. 7. Plaintiff provides specifics of his tasks and work expectations in his deposition, including an expectation to come early and stay late to complete tasks. Doc. 34, p.3-4. Plaintiff's deposition, as record evidence, was subject to cross-examination and supported by time-keeping records, which distinguishes it from an unsupported, self-serving affidavit like that in *Viet*. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Further, Plaintiff's deposition provides testimony that is in direct opposition to

5

Miller's testimony stating that no compensable work was completed prior to 8 a.m. Doc. 37, p. 2-3. Defendant has failed to demonstrate that Plaintiff cannot prove the plausibility of their claim that compensable work was done prior to 8 a.m. Rather, this dispute in the factual record presents a genuine issue of material fact sufficient to survive summary judgment as opposed to an unsupported legal conclusion.

    C.    De Minimis Time

Plaintiff next asserts that even if Plaintiff did establish that he worked a "few minutes prior to the start of his shift each day" that it was de minimis and not in violation of the FLSA. Doc. 30, p. 8.

Defendant claims that a *de minimis* calculation is anything under 10 minutes as a matter of law. Doc 30, p. 8. However, this is not true. While "Courts have found daily periods of approximately 10 minutes de minimis even though otherwise compensable," this is far from establishing a hard and fast rule that employers can claim any failure to pay and employee for compensable work so long as it is less than 10 minutes. Doc. 30, p. 8, citing *Green v. Planters Nut Chocolate Co.*, 177 F.2d 187, 188 (4th Cir. 1949) (finding 10 minutes to be de minimis).

The *de minimis* doctrine is appropriately applied in instances where the periods of time spent in preliminary activities is "insubstantial and insignificant" and does not necessitate compensation. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 693 (1946). There are three factors for consideration in assessing whether otherwise compensable time is de minimis: "1) the practical administrative difficulty of recording the additional time; 2) the size of the claim in the aggregate; and 3) whether 'the claimants performed the work on a regular basis.'" *Brock v. City of Cincinnati*, 236 F.3d 793, 803-4 (6th Cir. 2001) quoting *Lindow v. United States*, 738 F.2d 1057,

6

1062-63 (9th Cir. 1984). Further, in applying the *de minimis* doctrine, the determination of the extent of work performed is a "purely factual issue." *Mt. Clemens Pottery*, 328 U.S. at 692.

Thus, a *de minimis* determination inherently requires a determination of fact as to the extent of work performed, which as noted above is in dispute. Defendant makes no effort to point to any evidence in the record to support its claim that Plaintiff's alleged overtime meets the factors to qualify it as de minimis time. Instead, Defendant places blame on Plaintiff for not informing it that he was performing work pre and post shift as required by its policy. However, Defendant does not present this policy for this Court's review, nor does such an argument excuse its failure to satisfy its burden at the summary judgment stage. Accordingly, Defendant is not entitled to summary judgment on this ground.

### D. Defendant's Policies

Plaintiff asserts that Defendant knowingly deducted time worked to reduce labor costs through an illegal time-rounding policy which "circumvented the requirements of FLSA." Doc. 14, p. 9. Defendant argues that Plaintiff fails to provide any evidence that the practice resulted in a loss of compensation and, further, that its time rounding practices are actually lawful under 29 C.F.R. § 785.48(b). Doc. 30, p.9.

Time rounding is a lawful practice where it does "not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 C.F.R. § 785.48(b). This practice is "stopping time to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour." *Id*. The lawfulness of this practice is based on the presumption that "this arrangement averages out so that the employees are fully compensated for all the time they actually work." *Id*. Therefore, time rounding practice must be evidenced as neutral. See *Corbin v. Time*

7

*Warner Entm't-Advance/Newhouse P'ship*, 821 F.3d 1069, 1076 (9th Cir. 2016) cited in *Rapp v. Forest City Techs., Inc.*, No 1:20-cv-2059 2021 WL 2982005, *4 (N.D. Ohio July 15, 2021).

Defendant asserts that its time rounding practice is lawfully neutral and "did not unreasonably favor the employer" as Plaintiff "rarely clocked in more than a few minutes early." Doc 30, p.4. Once again, it is Defendant's burden to point this Court to the portions of the record establishing the absence of material fact. Defendant has failed to do so, instead providing a declaration of its Chief Financial Officer Marc Karyo concluding that "Kurpan's pay records show that CNC Precision's rounding policy did not unreasonably favor CNC Precision." Doc. 30-1, p. 2. Defendant makes no attempt to support this conclusory statement or to point to any evidence that the time rounding policy ever rounded in Plaintiff's favor. In response, Plaintiff asserts that Defendant modified time to their benefit 97% of the time. Doc 34, p.5. Plaintiff demonstrates through the timesheet records that the time rounding policy always rounded to 8 a.m. regardless of when Plaintiff actually clocked in, even 10-15 minutes prior to 8 a.m. Doc. 14 p. 5. Doc. 34 p. 3-4. Defendant has failed to satisfy its burden that it is entitled to summary judgment on this issue.

## IV.  CONCLUSION

Based upon the above, Defendant's motion for Summary Judgment is DENIED.

**IT IS SO ORDERED.**


<u>DATE: August 28, 2024</u>            /s/ John R. Adams
                                        Judge John R. Adams
                                        UNITED STATES DISTRICT COURT